984 F.2d 555
 142 L.R.R.M. (BNA) 2511, 124 Lab.Cas. P 10,535
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ACME TILE AND TERRAZZO CO.; Admiral Tile Co., Inc.;
Jolicoeur & Resmini Co., Inc. and Roman Tile &
Terrazzo Co., Respondents.
United Brotherhood of Carpenters Local 36-T, Intervenor.
ACME TILE AND TERRAZZO CO.; Admiral Tile Co., Inc.;
Jolicoeur & Resmini Co., Inc. and Roman Tile &
Terrazzo Co., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
United Brotherhood of Carpenters Local 36-T, Intervenor.
 Nos. 92-1525, 92-1595.
 United States Court of Appeals,
First Circuit.
 Heard Dec. 9, 1992.
Decided Feb. 4, 1993.
 
 Girard R. Visconti, with whom Visconti & Petrocelli Ltd., Providence, RI, were on brief, for Acme Tile and Terrazzo Co., Admiral Tile Co., Inc., Jolicoeur & Resmini Co., Inc. and Roman Tile & Terrazzo Co.
 David Habenstreit, Atty., N.L.R.B., with whom Jerry M. Hunter, Gen. Counsel, Yvonne T. Dixon, Acting Deputy Gen. Counsel, Nicholas E. Karatinos, Acting Associate Gen. Counsel, Aileen A. Armstrong, Deputy Associate Gen. Counsel, and Peter Winkler, Supervisory Atty., Washington, DC, were on brief, for N.L.R.B.
 Before TORRUELLA and CYR, Circuit Judges, KEETON,[1] District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal of a National Labor Relations Board (the "Board") decision that appellants, Acme Tile and Terrazzo Co., Roman Tile and Terrazzo, Jolicoeur & Resmini Co., and Admiral Tile Co., Inc. (the "employers"), violated §§ 8(a)(1), (2), and (3) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 151, et seq. (1973). Specifically, the Board found that the employers conditioned employees' further employment on their membership in an employer-recognized Union before the statutorily required, seven day grace period ended. Because we find that the Board based its decision on an erroneous assumption, we vacate the order and remand for proceedings consistent with this opinion.
 
 BACKGROUND
 
 2
 The employers entered a contract with the International Union of Bricklayers and Allied Craftsmen, Local No. 1 Rhode Island (the "Union"). The contract required employees to join the Union within eight days of the agreement's execution.
 
 
 3
 The administrative law judge (the "ALJ") found that on March 31, 1989, the employers told the employees that they must secure a referral from the Union by April 3, 1989, two days after the agreement's execution, if they wanted to continue working, and that the employees would have to join the Union. The ALJ concluded that the employers' actions did not violate the Act. On appeal, the Board found that the employers did violate the Act. In arriving at this conclusion, it erroneously noted that the ALJ credited testimony that on March 31, 1989, the employers required their employees to join the Union by April 3, 1989 in order to keep their jobs. The Board and the ALJ agreed that regardless of the employers' actual words, the employees did not join the Union and did not work on April 3.
 
 LEGAL ANALYSIS
 
 4
 We will enforce an order by the Board if the Board correctly applied the law and if substantial evidence on the record supports the Board's factual findings. Destileria Serralles, Inc. v. NLRB, 882 F.2d 19, 20-22 (1st Cir.1989) (quoting Penntech Papers, Inc. v. NLRB, 706 F.2d 18, 22-23 (1st Cir.1983)).
 
 
 5
 The Act requires a seven day grace period for employees to join an employer-recognized union in the construction industry. 29 U.S.C. § 158(f) (1973). Thus, if the employers required the employees to join the Union by April 3, only two days into that grace period, they violated the Act.
 
 
 6
 It is unclear, however, whether substantial evidence on the record would support the Board's factual findings. At least five employees testified that the employers required them to join the Union by April 3. Additionally, the employers testified that they required the employees to get a Union referral by April 3, and the employers presented no evidence that the Union would have referred the employees if they refused to join the Union at that time. Rather than basing its factual determination on the evidence presented, however, the Board's opinion relied on the incorrect assumption that the ALJ found that the employers required the employees to join the Union by April 3. See Acme Tile and Terrazzo Co., 306 N.L.R.B. 83, at 2 (1992). In reality, the ALJ found that the employers required the employees to get a Union referral by April 3, and to join the Union by April 9, the date prescribed in the contract. Indeed, the ALJ's opinion specifically stated that the employers did not condition employment on immediate membership in the Union. See Acme Tile and Terrazzo Co., 1992 WL 40809, at * 19, 1991 N.L.R.B. LEXIS 689, at * 34 (A.L.J. Apr. 8, 1991). Accordingly, we vacate the Board's order and remand for a determination of whether the employers explicitly or implicitly conditioned continued employment on immediate membership in the Union.
 
 
 7
 Vacated and remanded.
 
 
 
 [1]
 Of the District of Massachusetts, sitting by designation